UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HERBERT ALFORD,

                                                                        **CIVIL NO.**

                Plaintiff,

        -against-                                          **COMPLAINT**

ERIC J. EPSTEIN, M.D., KAI A. PITTMAN, M.D.,
MONTEFIORE MEDICAL GROUP, MONTEFIORE
MEDICAL CENTER and UNITED STATES OF AMERICA,

                Defendants.
-------------------------------------------------------------------X

        Plaintiff, HERBERT ALFORD, by his attorneys SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C., for his Complaint against the defendants alleges the following upon information and belief, at all times hereinafter mentioned:

### JURISDICTION & VENUE

        1.        Jurisdiction exists over plaintiff's claims against the defendant by virtue of the Federal Tort Claims Act and pursuant to 28 U.S.C §§1331-32, 1346(b)(1), 1367(a) and 2671, *et seq.*, in that the plaintiff suffered injury by the medical malpractice of officers, agents, and employees of the UNITED STATES acting within the scope and course of their employment, and that the Federal Tort Claims Act is the exclusive remedy for injuries, caused by deemed employees of the federal government, which occurred on or after the date that said employees were deemed eligible for coverage, and that this exclusive remedy is provided by the Public Health Service Act pursuant to 42 U.S.C. § 233 (g)-(k).

        2.        Notice of this claim was timely made on the UNITED STATES pursuant to 28 U.S.C. § 2401(b) and §2675(a) by service of a Standard Form 95, Claim for Damage, Injury or Death, on the Department of Health & Human Services on or about July 8, 2016.

        3.        Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C.

§1402(b) inasmuch as the wrong complained of occurred within the Southern District of New York and that, pursuant to 28 U.S.C. §1391(b) and (c), at all relevant times the defendant was located in the Southern District of New York, which is where a substantial part of the events or omissions giving rise to the claim occurred, and that defendant has sufficient contacts with the Southern District of New York to subject them to jurisdiction here.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 2671 et. seq. (The Federal Tort Claims Act) and 28 U.S.C. §1367(a).

5. The Federally Supported Health Centers Assistance Act of 1992, Pubic Health Law No. 102-501, 42 U.S.C. 233 (g)-(k) and the amended Act of 1995, Public Health Law No. 104-73, 42 U.S.C. 201, provides that the Federal Tort Claims Act is the exclusive remedy for injuries, including death, caused by deemed employees of the federal government which occurred on or after January 1, 1993 or when the employee was deemed eligible for coverage.

6. Plaintiff, HERBERT ALFORD, has complied with the requirements of the Federal Tort Claims Act in that he first presented this claim to the defendant UNITED STATES within two (2) years after the subject claim accrued pursuant to 28 U.S.C. §2401(b).

## PARTIES

7. Plaintiff resides in Bronx County, City and State of New York.

8. At all times relevant, the medical clinic MONTEFIORE MEDICAL GROUP (hereinafter referred to as "GROUP"), was a federally supported medical facility.

9. At all times relevant, the GROUP was a federally supported medical facility under the Federally Supported Health Centers Assistance Act of 1992, Pubic Health Law No.

102-501, 42 U.S.C. 233 (g)-(k) and the amended Act of 1995, Public Health Law No. 104-73, 42 U.S.C. 201.

    10.    All times relevant, the UNITED STATES owned the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    11.    At all times relevant, the UNITED STATES operated the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    12.    At all times relevant, the UNITED STATES supported the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    13.    At all times relevant, the UNITED STATES funded the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    14.    At all times relevant, the UNITED STATES managed the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    15.    At all times relevant, the UNITED STATES controlled the medical facility known as the MONTEFIORE MEDICAL GROUP, located at 111 210th Street, Bronx, New York 10467.

    16.    The GROUP, itself, and through its agents, servants and/or employees, rendered medical care and treatment to plaintiff, HERBERT ALFORD, from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

17. At all times relevant, the hospital MONTEFIORE MEDICAL CENTER (hereinafter referred to as "MONTEFIORE"), was a federally supported medical facility.

18. At all times relevant, MONTEFIORE was a federally supported medical facility under the Federally Supported Health Centers Assistance Act of 1992, Pubic Health Law No. 102-501, 42 U.S.C. 233 (g)-(k) and the amended Act of 1995, Public Health Law No. 104-73, 42 U.S.C. 201.

19. All times relevant, the UNITED STATES owned the medical facility known as MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

20. At all times relevant, the UNITED STATES operated the medical facility known as the MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

21. At all times relevant, the UNITED STATES supported the medical facility known as the MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

22. At all times relevant, the UNITED STATES funded the medical facility known as the MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

23. At all times relevant, the UNITED STATES managed the medical facility known as the MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

24. At all times relevant, the UNITED STATES controlled the medical facility known as the MONTEFIORE MEDICAL CENTER, located at 111 210th Street, Bronx, New York 10467.

25. MONTEFIORE, itself, and through its agents, servants and/or employees, rendered medical care and treatment to plaintiff, HERBERT ALFORD, from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

26. Defendant, ERIC J. EPSTEIN, M.D. (hereinafter referred to as "EPSTEIN") was and still is a physician duly licensed to practice medicine in the State of New York.

27. Defendant, KAI A. PITTMAN, M.D. (hereinafter referred to as "PITTMAN") was and still is a physician duly licensed to practice medicine in the State of New York.

28. At all times relevant, defendant, EPSTEIN maintained an office for the practice of medicine at defendant, GROUP.

29. At all times relevant, defendant, EPSTEIN maintained an office for the practice of medicine at defendant, MONTEFIORE.

30. At all times relevant, defendant, PITTMAN maintained an office for the practice of medicine at defendant, GROUP.

31. At all times relevant, defendant, PITTMAN maintained an office for the practice of medicine at defendant, MONTEFIORE.

32. At all times relevant, PITTMAN was an employee, agent and/or servant of THE UNITED STATES OF AMERICA.

33. At all times relevant, EPSTEIN was an employee, agent and/or servant of THE UNITED STATES OF AMERICA.

## AS AND FOR A FIRST CAUSE OF ACTION

34. The UNITED STATES, through its agents, servants, employees, physicians, residents, interns and other medical personnel, at the GROUP, represented to the public at large and, more particularly, to plaintiff that it utilized and employed medical personnel possessing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practices and that it undertook to use reasonable care and diligence in the treatment of patients and, more specifically, HERBERT ALFORD.

35. The UNITED STATES, through its agents, servants, employees, physicians, residents, interns and other medical personnel at the GROUP, rendered medical care and treatment to HERBERT ALFORD from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

36. The UNITED STATES, through its agents, servants, employees, physicians, residents, interns and other medical personnel, at MONTEFIORE, represented to the public at large and, more particularly, to plaintiff that it utilized and employed medical personnel possessing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practices and that it undertook to use reasonable care and diligence in the treatment of patients and, more specifically, HERBERT ALFORD.

37. The UNITED STATES, through its agents, servants, employees, physicians, residents, interns and other medical personnel at MONTEFIORE, rendered medical care and treatment to HERBERT ALFORD from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

38. At all times relevant, the UNITED STATES, through its agents, servants and/or employees, provided medical care and treatment to plaintiff at the GROUP.

39. At all times relevant, the UNITED STATES, through its agents, servants and/or employees, provided medical care and treatment to plaintiff at MONTEFIORE.

40. The UNITED STATES, itself, and through its agents, servants, employees, physicians, residents, interns and other medical personnel at the GROUP, including PITTMAN and EPSTEIN was/were negligent, careless and departed from good and accepted medical practice in the medical care, treatment and services rendered to plaintiff from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

41. The UNITED STATES, itself, and through its agents, servants, employees, physicians, residents, interns and other medical personnel at MONTEFIORE including PITTMAN and EPSTEIN was/were negligent, careless and departed from good and accepted medical practice in the medical care, treatment and services rendered to plaintiff from on or about April 8, 2014, continuously thereafter, up through and including June 24, 2015.

42. As a result of the foregoing, HERBERT ALFORD, was permanently injured, causing him to experience pain, suffering, mental anguish, incur expenses, and suffer an advancement of the stage renal cancer, worsening of prognosis, additional treatments, surgery and therapies, loss of chance for survival, all of which require and will continue to require medical treatment, and will continue to incur, medical expenses, lost earnings and other consequential damages.

43. As a result of the foregoing, HERBERT ALFORD, has been damaged in the sum of TWO ($10,000,000.00) MILLION DOLLARS.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury in this action.

**WHEREFORE**, plaintiff demands judgment against the defendants in the sum of TEN ($10,000,000.00) MILLION DOLLARS on the First Cause of Action together with costs and disbursements.

Dated: Garden City, New York
July 6, 2017

Respectfully submitted,

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.

By: *[signature]*
Elizabeth Montesano
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 200
Garden City, New York 11530
(516)742-0707

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HERBERT ALFORD,

                                      CIVIL NO.

                 Plaintiff,

  -against-                          **CERTIFICATE OF MERIT**

ERIC J. EPSTEIN, M.D., KAI A. PITTMAN, M.D.,
MONTEFIORE MEDICAL GROUP, MONTEFIORE
MEDICAL CENTER and UNITED STATES OF AMERICA,

                 Defendants.
------------------------------------------------------------------------X

       ELIZABETH MONTESANO, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms, pursuant to CPLR Section 2106:

       1.     I am a member of the law firm of SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.

       2.     I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State, or any other State, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:    Garden City, New York
             July 6, 2017

                                                               _____
                                                                    Elizabeth Montesano