UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
HERBERT ALFORD,                 :
                                :
                Plaintiff,      :
                                :
    -against-                   :           No. 17 Civ. 5217 (JFK)
                                :                **ORDER**
ERIC J. EPSTEIN, M.D.,          :
MONTEFIORE MEDICAL CENTER, and  :
THE UNITED STATES OF AMERICA,   :
                                :
                Defendants.     :
------------------------------ X



**JOHN F. KEENAN, United States District Judge:**

The parties are directed to provide the Court with relevant case law regarding the following questions:[1]

1. What is the standard for determining whether an expert witness' conclusion, such as Dr. Kenneth R. Ackerman's proposed testimony regarding causation of an alleged delay in Plaintiff's renal cell carcinoma diagnosis, is merely the ipse dixit of the expert, "supposition", or "speculation" and, accordingly, inadmissible under Federal Rule of Evidence 702 or 403?

2. Have any courts confronted, on a motion to dismiss or a motion for summary judgment, a similar fact-pattern: namely, an expert opinion or a plaintiff's allegation that a defendant's failure to diagnose the plaintiff's illness caused the

---

[1] Ideally, the parties will identify authority from the Second Circuit and the State of New York, however, relevant case law from other jurisdictions may be appropriate where the authority is closely related to the fact-pattern of this case and the Court's two questions.

plaintiff's injury, where the alleged injury was the delay in timely diagnosing the plaintiff's illness?[2]

Defendants are directed to provide the Court with citations to no more than four relevant decisions; Plaintiff may provide up to eight relevant decisions. The parties are further directed to provide a brief summary explaining how the authority (1) answers the above questions and (2) aids the Court in its analysis of the pending motions for summary judgment (ECF Nos. 51, 56). The parties, individually, are to make such a showing by filing their papers to the docket on or before January 3, 2020, and they should be prepared to answer any questions regarding the case law during oral argument on January 9, 2020.

**SO ORDERED.**

Dated: New York, New York
December 16, 2019

*John F. Keenan*
John F. Keenan
United States District Judge

---

[2] The Court notes that much of the authority on this issue involves fact patterns where a plaintiff's ultimate injury—which in this case is Plaintiff's renal cell carcinoma—should have been, or was, readily apparent to the defendant physician. For example, in Goldberg v. Horowitz, 73 A.D.3d 691, 692 (2d Dep't 2010), the plaintiff's expert opined that the defendant should have recognized early indicators of the plaintiff's eventual heart attack. And, in Fellin v. Sahgal, 296 A.D.2d 526, 528 (2d Dep't 2002), the court determined that the defendant's failure to administer a certain medication could have delayed the onset of the plaintiff's catastrophic brain aneurysm. Instead, the Court is interested in whether the parties can identify any authority that has addressed instances in which the ultimate injury was not readily apparent or would not have been immediately treated, but rather, where further general examinations or tests of the plaintiff may have made the ultimate injury recognizable or treatable.